IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff

        v.

$191,168.00 IN UNITED STATES CURRENCY,

        Defendant.

Civil Action No. 2:25cv311

<u>VERIFIED COMPLAINT FOR FORFEITURE</u>

        AND NOW comes the United States of America, by and through its counsel, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and April L. Cressler, Assistant United States Attorney for the Western District, and respectfully represents as follows:

        1.      This is a civil action *in rem* for forfeiture to the United States of $191,168.00 in United States currency (the "Defendant Currency") pursuant to 18 U.S.C. § 981(a)(1)(C) and/or 21 U.S.C. § 881(a)(6).

        2.      Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355(a).

        3.      Venue is proper under 28 U.S.C. §§ 1395 and 1355(b).

        4.      On October 7, 2024, Pennsylvania State Police ("PSP") Task Force Officers working under Homeland Security Investigations ("HSI") seized the Defendant Currency during a traffic stop.

        5.      PSP made the traffic stop when a Chrysler Pacifica was traveling in the passing lane of Interstate 80 West, Mercer County, at a speed significantly below the posted speed limit

of 70 mph.   The driver, Hassan Rida, stated that he and his passenger, Ayman Rida, (the "travelers") had flown into New York from Michigan for their ATM business and had rented a vehicle to return to Michigan.

6.      In addition to Hassan Rida's unusual driving behavior, the PSP trooper became more suspicious of criminal activity during the traffic stop when information contained in the vehicle rental agreement differed from what the travelers stated, and the travelers provided inconsistent and evasive answers regarding the purpose of their trip and the description of their bitcoin ATM business.

7.      During questioning, the travelers informed the PSP trooper that they had a large sum of cash in the vehicle and provided verbal and written consent to search the vehicle and its luggage.   The Defendant Currency was found in three separate bags within a reusable nylon shopping bag in the middle row of the vehicle's passenger side.   The first bag examined was a sealed plastic bag with bar codes on the side.   The second bag had a draw string and contained several rubber banded bundles of U.S. currency with paper slips and loose rubber bands.   The third bag was a white plastic retail bag with the words "thank you" on the outside and contained one slip of paper and loose currency, with no organization or banding.   The travelers stated that they had lost the paperwork for the currency in the third bag but that it was somewhere in Oak Park.   In addition to the three bags of currency, the reusable nylon shopping bag contained a sole rubber banded bundle of U.S. currency and a large battery block with a cord.

8.      The travelers were unable to provide the amount of the Defendant Currency and sent a text message to a bookkeeper, who provided the amount as $189,908.00.   Later, HSI transported the Defendant Currency to Loomis, to conduct an official count of the currency which was determined to be $191,168.00.

9.      After taking custody of the Defendant Currency, the PSP trooper requested that

the travelers follow him to the PSP Mercer station to be interviewed, explaining that they were under no obligation to do so.   The travelers agreed and followed the PSP trooper. A special agent of HSI arrived at the station to interview the travelers, who agreed to be recorded.   The travelers provided conflicting answers regarding the details of their trip and could not provide legitimate documentation as to the source of the Defendant Currency.

10.     During the travelers' interviews, PSP utilized a drug detecting K9 to scan the Defendant Currency.   The drug detecting K9 gave a positive alert for an odor of a controlled substance for which it is trained to detect.

11.     Based on the above-described investigation, HSI has determined that the Defendant Currency was intended to be furnished in exchange for an unlawful activity and/or represents proceeds of unlawful activity.   Alternatively, the Defendant Currency was furnished or intended to be furnished in exchange for a controlled substance and/or constitutes proceeds traceable to an exchange for a controlled substance.

12.     The Defendant Currency was seized by HSI, pursuant to 18 U.S.C. § 81(a)(1)(C) and/or 21 U.S.C. § 881(a)(6).   The Defendant Currency has been deposited into an Official Fund, pending litigation.

13.     Subsequent to the seizure, Hassan Rida, Ayman Rida, and Digital Access, LLC, through its Chief Executive Officer, Ayman Rida, filed claims to the Defendant Currency as part of the administrative proceedings.   As a result, the United States has instituted this civil forfeiture action against the Defendant Currency.

14.     By reason of the foregoing, and under the provisions of 18 U.S.C. § 981(a)(1)(C), the Defendant Currency is forfeitable to the United States because it constitutes proceeds of unlawful activities.   Alternatively, under the provisions of 21 U.S.C. § 881(a)(6), the Defendant

Currency is forfeitable to the United States because it was furnished or intended to be furnished in exchange for a controlled substance and/or constitutes proceeds traceable to an exchange for a controlled substance and/or was intended to be used to facilitate any such violation of the Controlled Substances Act.

WHEREFORE, the United States of America respectfully requests that the process of warrant *in rem* issue for the arrest of the Defendant Currency; that Judgment of Forfeiture be entered in favor of the United States for the Defendant Currency; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this Action.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ April L. Cressler*
APRIL L. CRESSLER
Assistant U.S. Attorney
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500
april.cressler@usdoj.gov
PA ID No. 308353 (AFF)

<u>VERIFICATION</u>

I am a Special Agent of Immigration and Customs Enforcement, Homeland Security Investigations, and assigned the responsibility for this case.   I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, 2025.


_____
CODY SCHMITT, Special Agent
Immigration and Customs Enforcement
Homeland Security Investigations